IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:10-CV-1053-WKW [WO]<br>)<br>) |
| M&M, LLC, *et al.*, | )<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court are Motions to Dismiss or, in the Alternative, Motions to Stay (Docs. # 8-9), filed by Defendants M&M, L.L.C., Mikie Walding, Jr., Mark Walding, Jackson Glover, and Yolinda Glover.[1] Defendants move the court to dismiss this action without prejudice or, in the alternative, to stay this action pending resolution of a lawsuit brought in the Circuit Court of Barbour County, Alabama, by the Glovers against M&M and the Waldings ("Barbour County Suit"). Plaintiff Cincinnati Speciality Underwriters Insurance Company ("CSU") filed a response in opposition to the motions. (Doc. # 21.) For the reasons to follow, the motions to dismiss are due to be granted, and the motions to stay are due to be denied as moot.

### **I. BACKGROUND**

The Barbour County Suit was filed on August 10, 2010. The complaint alleges that in 2007, the Glovers contracted with M&M to construct a home for them in Clayton,

---

[1] References to "M&M," "the Waldings," and "the Glovers" are to Defendants.

Alabama. After moving into their new home the following year, the Glovers observed cracks in the interior walls. The cracking, which increased over time and extended to the exterior walls, was caused by the shifting of the home's foundation and by the malfeasance of M&M and the Waldings. The damage to the home was so substantial that it was beyond repair. Based on the home's defects, the Glovers brought state law causes of action for breach of warranty, negligence, wantonness, fraudulent misrepresentation, breach of contract, and breach of an implied warranty of habitability. (*See* Barbour County Suit, Compl. (Ex. A to Doc. # 8).)

Fourth months later, on December 13, 2010, CSU filed this diversity action against the Glovers, M&M, and the Waldings, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. CSU seeks a declaration that the commercial general liability policy issued by CSU to MMI does not provide coverage, either a defense or indemnity, against the complaint's allegations in the Barbour County Suit. (Compl. (Doc. # 1).)

On February 2, 2011, M&M and the Waldings filed a third party complaint against CSU in the Barbour County Suit. The third party complaint requests, among other relief, a declaratory judgment that CSU owes M&M a defense and indemnification against the allegations in the Barbour County Suit. (Barbour County Suit, Third Party Compl. (Ex. 2 to Doc. # 21.)

2

## II. DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). It is "'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'" *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). Hence, district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286. "In fact, . . . the Supreme Court has expressed that 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Ameritas*, 411 F.3d at 1330 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

Based upon *Wilton*'s and *Brillhart*'s general principles, as well as "considerations of federalism, efficiency and comity," *Ameritas* provided a list of nonexhaustive "guideposts" to assist a district court's decision whether to entertain a declaratory judgment action in favor of a parallel state court lawsuit. 411 F.3d at 1331. Those guideposts are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations

3

at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.*

Guided by considerations of federalism, judicial efficiency and comity and having considered the *Ameritas* factors, the court finds that the scale tilts in favor of Defendants. This is why. CSU already is a party in the Barbour County Suit, by virtue of the third party complaint for declaratory judgment filed against it by MMI and the Waldens. The identical issue of whether MMI is entitled to a defense and indemnity from CSU, to be decided purely on the basis of state law, is presented in that third party complaint. The state court is just as capable as this court to declare the legal relationships between the insured and the insurer.

Moreover, only the single issue of coverage is before this court, and, thus, this action cannot settle the entire controversy between the litigants. However, the state court can determine not only the coverage issue, but also the underlying state law claims brought by the Glovers against MMI and the Waldings, as well as damages. Resolving all claims in a single forum and in a lawsuit that embodies the "complete controversy" is a superior remedy to piecemeal litigation in two courts. *Ameritas*, 411 F.3d at 1331. Because that lawsuit is

the Barbour County Suit, resolution in the state forum, rather then in the federal forum, would be more effective and promote judicial economy.  Finally, to permit this action to proceed alongside the Barbour County Suit could unnecessarily "increase the friction between" the two tribunals.  *Id.*

This brings the discussion to other arguments raised by CSU.  While CSU points out that it filed its declaratory judgment action first and in a proper federal forum, the fact remains that the coverage issue is now squarely before the state court, and its pendency in the Barbour County Suit weighs heavily in favor of dismissal of this action.[2]  For that reason also, the cases relied upon by CSU are distinguishable.[3]  (*See* Doc. # 21, at 2-4 (citing *Specialty Underwriters Alliance v. Peebles McManus LLC*, 643 F. Supp. 2d 1298 (M.D. Ala. 2009), and *Essex Ins. Co. v. Foley*, No. 10-0511, 2011 WL 290423 (S.D. Ala. Jan. 27, 2011)).  Unlike here, parallel declaratory judgment actions were not pending in the underlying state court suits at issue in *Peebles McManus* and *Foley*.  Finally, CSU cites *Ex parte Cincinnati Ins. Cos.*, 806 So. 2d 376 (Ala. 2001), in support of its argument that the filing of the third party complaint in the Barbour County Suit "violate[d] Alabama state procedure since the proper course would have been for the parties to file a counterclaim for

---

[2] With that said, no argument has been made, and this court does not find, that CSU engaged in procedural fencing by filing its declaratory judgment action in federal court.

[3] For a case that is factually analogous, *see Canal Ins. Co. v. Morgan*, No. 06-0727, 2007 WL 174387 (S.D. Ala. Jan. 19, 2007) (examining the *Ameritas* factors and dismissing a declaratory judgment action in favor of state court litigation that encompassed a third party complaint seeking parallel declaratory judgment relief).

5

declaratory judgment in this Court and not a third-party action in the state court." (Doc. # 21, at 7.) CSU's reliance on *Ex parte Cincinnati Ins. Cos.* as authority for retaining jurisdiction over this declaratory judgment action is not persuasive for more than one reason, not the least of which is that *Ex parte Cincinnati Ins. Cos.* has been held "as not on point" where, as here, the "federal-court action . . . has not been reduced to a judgment." *Ex parte Metro. Prop. & Cas. Ins. Co.*, 974 So. 2d 967, 970 (Ala. 2007).

In sum, CSU's arguments are not convincing, and the balance of the *Ameritas* considerations weighs in favor of declining jurisdiction over this declaratory judgment action. The issue, thus, turns to whether dismissal or a stay of this action is appropriate.

In *Canal Insurance Co.*, *see supra* note 3, the court declined to stay, but rather dismissed, the declaratory judgment action. There was no showing "that a time bar might thwart the insurer's attempt to bring a declaratory judgment action if the state case, for any reason, fail[ed] to resolve the matter in controversy." 2007 WL 174387, at *5. Additionally, the court found that "granting a stay might create incentives for forum-shopping and piecemeal litigation, as the insurer might seek to derail litigation of the coverage claims in the state court action in hopes of litigating those matters in federal court following the lifting of the stay." *Id.*

Here, no reason has been advanced that this action is likely to return to federal court, given that the Barbour County Suit has at issue the very coverage claims asserted in this federal declaratory judgment action. However, as in *Canal Insurance Co.*, in the event that

the Barbour County Suit does not resolve the coverage issues, no party has argued or suggested that a time bar would foreclose CSU from bringing a federal declaratory judgment action. Additionally, a dismissal, rather than a stay, would discourage forum shopping. *See id.* For these reasons, the court exercises its discretion to dismiss this action without prejudice, rather than to stay it.

### III. CONCLUSION

Accordingly, it is ORDERED that Defendants' motions to dismiss (Docs. # 8-9) are GRANTED, and that this action is DISMISSED without prejudice. The alternative motions to stay (Docs. # 8-9) are DENIED as moot.

An appropriate final judgment will be entered.

DONE this 25th day of April, 2011.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE